MORRIS AND COMPANY, BRANCH OF THE NORTH AMERICAN PROVISION COMPANY, PLAINTIFF, v. JOHN HOURIHAN AND EDWARD J. KEYS, DEFENDANTS.

Decided November 9, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Jacob W. & Edgar A. De Yoe.*

*Contra,* no brief.

PER CURIAM.

The plaintiff brought its action against the defendants, Hourihan as the principal debtor, and Keys as guarantor, to recover the sum of $4,002.48, for goods, wares and merchandise, sold by it to John Hourihan, between March 23d, 1928, up to and including April 9th, 1928, upon a general guarantee executed in writing on the 22d day of September, 1927, by the defendant Keys, which general guarantee was without any limitation as to the amount of credit to be extended by the plaintiff to Hourihan, nor as to any period of time during which the guarantee was to run. The jury found a verdict for the defendant.

The defendant Hourihan filed no answer in the action and neither defendant has filed a brief in the case. The defendant

Keys who filed an answer, does not deny therein that he signed the guarantee, but inferentially admits that he did, for he sets up that it was misrepresented to him that it was a reference slip, and in another part of the answer, the defendant Keys further sets up the following: "Contrary to the general usage and custom of the trade, a larger credit was extended for a longer period than that explained to the defendant by an agent of the plaintiff company."

The defendant Keys, in his testimony, at the trial, admitted that the guarantee bore his signature and says that he did not read it, and thought he was signing a reference slip. Upon the reference slip being produced, which also bore his signature, the witness said that he did not remember signing the guarantee.

There is no testimony in the case that tends to show that the signature to the guarantee was obtained by any false representation made by the plaintiff, or its authorized agent.

The verdict of the jury was both against the law and the evidence, and therefore is set aside.

Rule is made absolute.